# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv332-RJC

| | |
|---|---|
| **PRAMCO II, LLC,** | ) |
| | ) |
| **Appellant,** | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| **DDS DONNA K. HAGER,** | ) |
| | ) |
| **Appellee.** | ) |
| | ) |

**THIS MATTER** comes before the Court after a hearing held on January 25, 2011, pursuant to the Order issued by this Court for the parties and their counsel to appear and show cause (Doc. No. 6). The parties' respective counsel appeared at the hearing, William Walt Pettit for the Appellant, and R. Keith Johnson for the Appellee. The Court excused the parties from appearing, and neither party was present at the hearing.

After hearing the arguments of counsel, the Court agrees that this matter should be remanded to the Bankruptcy Court for the purposes set forth herein.

**IT IS, THEREFORE, ORDERED** that:

1. To the extent the Order by the Bankruptcy Court dismissing this action is inconsistent with the terms of this Order, the Order of the Bankruptcy Court is **REVERSED**;

2. This matter is **REMANDED** to the Bankruptcy Court to issue a final Order on the following factual and legal issues:

   a. The value of the equipment, furniture, fixtures, etc., of Appellee's or an affiliate of Appellee's property, in which Appellant had a valid security interest as of the petition date. Appellee shall have the option of purchasing

the equipment, furniture, fixtures, etc. from Appellant for the value of the same as determined by the Bankruptcy Court or surrendering the same to Appellant, subject to the further conditions set forth herein;

    b. The value of the equipment, furniture, fixtures, etc. destroyed, and the proceeds received by Appellee as a result of, that certain motor vehicle accident that caused damage to her dental practice. To the extent Appellee is unable to show all the proceeds for the destruction of this equipment, furniture, fixtures, etc. was not reinvested in the same or similar equipment, etc., Appellant is entitled to an Order directing that the amount of said amount is nondischargeable pursuant to 11 U.S.C. § 523(a)(4); and

    c. In the event that the Appellee elects to surrender the equipment, furniture, fixtures, etc., to the Appellant as shown in paragraph a above, the Bankruptcy Court shall determine the reasonable value, if any as determined by the Bankruptcy Judge, for the use of this property from the petition date until the date said property is returned, and Appellant should be granted a Judgment in that amount which shall be non-dischargeable.

3. The parties' counsel have shown adequate cause why the Court should not dismiss this matter for the reasons stated in the show cause Order.

**SO ORDERED.**

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge